OPINION
On February 3, 1999, Akron Police Department detectives Pamela Lewis and Allen Stump arranged a controlled buy of crack-cocaine from a residence at 1039 Marion, in Akron. Rita Marsh was used a source, who purchased the crack-cocaine. Detective Lewis searched Marsh before the buy, providing her $40 and a wire. When Marsh first approached the residence, she was told to come back in 30 minutes, as a man inside the house was being placed under house arrest at the time. She returned 30 minutes later, where she purchased two rocks of crack-cocaine for $40 from a female who identified herself as "Red." Marsh gave the police detective a description of "Red" following the purchase. At the police station, Detective Stump entered the alias "Red" into the computer. The computer retrieved three individuals. Appellant Margo J. Pamplin met the description provided to police by Rita Marsh. Detective Stump then showed Marsh a photograph of appellant, who Marsh identified as the person who sold her the crack-cocaine. On February 12, 1999, a search warrant was executed at the residence. Detective Stump found a gun, ammunition, two bags of marijuana in the bedroom where appellant was found, a bag of marijuana in the living room, and a scale in the living room. Appellant was 17 years old at the time of the offense. She was charged in the Summit County Common Pleas Court, Juvenile Division, with delinquency by reason of trafficking in cocaine and occupying a drug premise. Following a trial in the Summit County Juvenile Court, appellant was found delinquent by reason of trafficking in cocaine, and occupying a drug premise. However, because appellant was a resident of Stark County, the case was certified to the Court of Common Pleas, Family Court Division, in Stark County for disposition, pursuant to Juv. R. 11. The case proceeded to disposition in the Stark County Family Court. Appellant was committed to the Department of Youth Services for a minimum of six months. Appellant assigns a single error on appeal:
 ASSIGNMENT OF ERROR APPELLANT'S DELINQUENCY ADJUDICATION ON ONE COUNT OF TRAFFICKING IN COCAINE, A FELONY OF THE FOURTH DEGREE, WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant argues that the finding of delinquency is not supported by sufficient evidence, and is against the manifest weight of the evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. With respect to sufficiency of the evidence, sufficiency is term of art meaning the legal standard applied to determine whether the case may go to the jury, or whether the evidence is legally sufficient to support the verdict as a matter of law. Id. at 386. In essence, sufficiency is a test of adequacy. Id. In considering a claim that a judgment is against the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether when resolving conflicts in the evidence, the jury clearly lost its way. Id. at 387. The discretionary power to grant a new trial should be exercised only in the exceptional case when the evidence weighs heavily against conviction. Id. Appellant argues that the magistrate heard evidence that she was not at the residence on February 3, 1999. Appellant testified that she was at her sister-in-law's house in Cleveland on that date. Further, appellant's sister testified that she was with appellant on that day, and they had not gone to the residence at 1039 Marion. Finally, appellant testified that there was another person called "Red" who frequented the residence in question. There was sufficient evidence to identify appellant as the person named "Red" who sold the drugs to the informant on February 3, and the judgment is not against the manifest weight of the evidence. Rita Marsh identified appellant both in court and by photograph at the police station as the person named "Red" who sold her two rocks of cocaine on the day in question. In addition, the evidence reflected that appellant met the description provided by the informant to the police, and was entered into the police computer as a person using the alias "Red." The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.
FARMER, J. and WISE, J. CONCUR.